

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS and HELENA DIVISIONS

| | |
|---|---|
| BILL LIETZKE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MONTGOMERY, et al.,<br><br>Defendants. | Cause No. CV 14-96-GF-DLC<br>CV 15-11-GF-DLC<br><br><br>ORDER |
| BILL LIETZKE,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF MONTGOMERY, et al.,<br><br>Defendants. | Cause No. CV 15-07-H-DLC<br><br><br><br>ORDER |

These cases come before the Court on Plaintiff Lietzke's repeated attempts, some post-judgment, to invoke the jurisdiction of the federal court in this District in matters that have already been litigated to conclusion in another jurisdiction, or that plainly have no business being litigated in Montana, or both.

In Cause No. CV 15-07-H, the Findings and Recommendation of United States Magistrate Judge John T. Johnston are pending. In Cause Nos. CV 14-96-GF and CV 15-11-GF, judgment was entered on Lietzke's Complaints on February

1

4 and February 5, 2015, respectively. Despite entry of judgment, Lietzke has continued to submit documents for filing in each of those two cases.

### A. Recusal and Reassignment

In two of the three cases, Lietzke has submitted documents demanding the recusal or disqualification of United States District Judge Brian M. Morris and of Judge Johnston. *See, e.g.*, Objection/Proposed Order (CV 15-07-H Doc. 5); Proposed Order (CV 15-11-GF Doc. 12). Lietzke's demands arise from his dissatisfaction with the Judges' rulings, not from any reasonable concern over their impartiality or any appearance of impropriety. Dissatisfaction with a judge's rulings generally is not a sound basis for recusal or disqualification, and in Judge Morris's and Judge Johnston's rulings, there is no evidence at all of "the degree of favoritism or antagonism required" to mandate recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Nevertheless, for entirely separate reasons, efficiency will be best served by placing all of Lietzke's cases before one judge. Lietzke has filed three cases in this Court in the past four months. In none of his submissions, two of which are virtually identical to each other, has he indicated why he is filing in the District of Montana. Lietzke's filings here not only echo each other but are virtually identical to a few of the many actions he has filed elsewhere. *See* PACER Report (attached). It is not unreasonable to anticipate that Lietzke may file more cases in this Court.

Under these circumstances, all three of Lietzke's cases filed to date in this District will be reassigned to the undersigned. All future submissions by Lietzke to this Court will also be assigned to the undersigned.

**B. Correction of Judgments in Nos. CV 14-96-GF and CV 15-11-GF**

After entry of judgment, Lietzke continued to submit documents for filing in each of these two cases. On review of the record, the Court finds that dismissal for lack of personal jurisdiction was made *with* prejudice. That was a clerical error. Dismissal for lack of personal jurisdiction is *without* prejudice to the plaintiff's re-filing in a court having personal jurisdiction over the parties. The judgments of February 4 and 5 will be corrected pursuant to Fed. R. Civ. P. 60(a).

**C. Pending Findings and Recommendation in No. CV 15-07-H**

As to the pending Findings and Recommendation in Cause No. CV 15-07-H, Lietzke failed to submit any objections specific to the Findings and Recommendation. In an abundance of caution, the Court has examined Lietzke's submissions *de novo*.

Lack of personal jurisdiction, like lack of subject-matter jurisdiction, can and should be raised and acted on by the Court when a plaintiff's allegations are wholly insufficient to connect the action, any defendant, or even the plaintiff with the District of filing. *See Sanders v. United States*, 760 F.2d 869, 871 (11th Cir. 1985); *Martin-Trigona v. Smith*, 712 F.2d 1421, 1424 (D.C. Cir. 1983). Here,

Lietzke does not allege any defendant is subject to the general jurisdiction of Montana's courts. He identifies no relationship whatever between the events underlying the Complaint, his claims against the defendants, and the District of Montana, much less a "substantial connection" among the three. *Walden v. Fiore*, __ U.S. __, 134 S. Ct. 1115, 1121 (2014). Consequently, this Court agrees with Judge Johnston that personal jurisdiction does not lie in the District of Montana. The matter is "so clear as to justify expedited action." *Martin-Trigona*, 712 F.2d at 1424.

Moreover, because Lietzke clearly knows how to file wherever he chooses, *see* PACER Report (attached), and because the court that would have personal jurisdiction over the case has already heard Lietzke's claims against the same parties following transfer of actions filed in other districts, *see, e.g.*, Cause Nos. 2:07-CV-943 (M.D. Ala. filed Oct. 2, 2007) (transferred from Southern District of New York), 2:07-CV-814 (M.D. Ala. filed July 9, 2007) (transferred from Western District of Washington), 2:07-CV-383 (M.D. Ala. filed Apr. 24, 2007) (transferred from District of Maryland), the interests of justice do not require this Court to transfer the action. 28 U.S.C. § 1631. For lack of personal jurisdiction, the action is dismissed without prejudice.

**D. Certification Under Fed. R. App. P. 24(a)(4)(B)**

The allegations of all of Lietzke's submissions, taken together across all

three cases, do not remotely suggest any reason to litigate this case in Montana. No reasonable jurist could find personal jurisdiction in the District of Montana. Any appeal could only be taken in bad faith.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Cause Nos. CV 14-96-GF and CV 15-11-GF are REASSIGNED to the undersigned.

2. Pursuant to Fed. R. Civ. P. 60(a), the judgments entered on February 4, 2015 (CV 14-96-GF Doc. 8) and on February 5, 2015 (CV 15-11-GF Doc. 9) are AMENDED to state that dismissal is *without* prejudice. The Clerk shall enter, by separate document, amended judgments in each of those cases.

3. Judge Johnston's Findings and Recommendation (CV 15-07-H Doc. 4) is ADOPTED.

4. This action is DISMISSED for lack of personal jurisdiction.

5. The Court CERTIFIES, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from disposition of any of these three actions would be taken in bad faith.

6. The Clerk of Court shall attach to this Order the PACER Report listing 40 actions filed by Lietzke.

7. Until further notice, the Clerk of Court shall assign all cases filed by Lietzke to the undersigned, without referral to a United States Magistrate Judge.

8. Cause Nos. CV 14-96-GF, 15-11-GF, and 15-07-H are CLOSED. This

Court will take no action on any future submissions by Lietzke under those cause numbers.

DATED this 1st day of April, 2015.

Dana L. Christensen, Chief Judge
United States District Court